UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIELLE NORDLUND and JASON NORDLUND, | Case No. 09-CV-1738 (PJS/JSM) |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |
| CHASE HOME FINANCE LLC, | |
| Defendant. | |

Plaintiffs filed this action and a motion for a temporary restraining order at approximately 9:30 a.m. today. In their motion, plaintiffs ask the Court to issue an order restraining a state eviction proceeding from taking place at 10:30 a.m. today.

Plaintiffs must have had advance notice of the eviction proceeding for days, if not weeks. Yet they waited until the last minute to file this action, thus depriving defendant of an opportunity to respond to their motion, and depriving this Court of adequate time to consider that motion. For that reason alone, the motion is denied.

In addition, plaintiffs have failed to offer any evidence or argument in support of their claims, but instead rest on the bare allegations in their complaint. Plaintiffs have not submitted any affidavits or exhibits, nor have they cited any statutes, judicial opinions, or other legal materials that would support their request for a temporary restraining order.

Finally, although the nature of plaintiffs' claims is somewhat unclear, the complaint seems to suggest various reasons why plaintiffs do not owe money to the entity that is seeking their eviction. The complaint offers no reason why plaintiffs cannot raise these issues in the

context of the ongoing state-court proceedings.  It would be extraordinary for a federal court to order a stop to state-court proceedings on the basis of arguments that could be made before the state court.

For all of these reasons, the Court cannot find that plaintiffs have shown a likelihood of success on the merits or that plaintiffs face a threat of irreparable harm.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (in deciding whether to issue a preliminary injunction, a court must consider the threat of irreparable harm to the movant, the state of balance between that harm and the injury that granting the injunction will inflict on the opposing party, the probability that the movant will succeed on the merits, and the public interest). Plaintiffs' motion for a temporary restraining order is therefore denied.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED that plaintiffs' motion for a temporary restraining order [Docket No. 2] is DENIED.

Dated: July  8 , 2009                                        s/Patrick J. Schiltz_____
                                                            Patrick J. Schiltz
                                                            United States District Judge